## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Modern Promos, LLC,　　　　　　　　　　　　　　BKY No.  18-43517

　　　　　　Debtor,　　　　　　　　　　　　Small Business Case under Chapter 11

## AMENDED PLAN OF REORGANIZATION OF MODERN PROMOS, LLC

### ARTICLE I
### SUMMARY

This Amended Plan of Reorganization (the "Plan") is proposed under chapter 11 of the Bankruptcy Code (the "Code") and proposes to pay administrative expenses, secured creditors, and allowed unsecured claims of creditors of Modern Promos, LLC (the "Debtor").

　　　This Plan provides for three classes of secured claims; four classes of unsecured claims; and one class equity security holder.  Unsecured creditors holding allowed claims will receive distributions.  This Plan also provides for the payment of administrative and priority claims to the extent permitted by the Code.

　　　All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim.  A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. The Debtor does not anticipate any adverse tax consequences to its creditors as a result of the Court's approval of this Plan.  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney or if you do not have an attorney, you may wish to consult one.**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

　　　2.01　Class 1.　　The Secured Claim of Bank of America in the approximate amount of $4,923.75, to the extent allowed as a secured claim under §506 of the Code.

　　　2.02　Class 2.　　The Secured Claim of BMW Financial Services NA, LLC in the approximate amount of $59,779.00, to the extent allowed as a secured claim under §506 of the Code.

2.03 Class 3. The Secured Claim of BMW Financial Services NA, LLC in the approximate amount of $67,480.00, to the extent allowed as a secured claim under §506 of the Code.

2.04 Class 4. The Secured Claim of Bluevine Capital, Inc. in the approximate amount of $29,860.19. The Debtor entered into a Settlement Agreement with Bluevine Capital, Inc., which Agreement was approved by Bankruptcy Court Order dated February 20, 2019 (Doc. No. 47). Bluevine Capital, Inc. holds no remaining Claim against the Debtor.

2.05 Class 5. The Unsecured Claim of Kings Cash Group, Inc., in the approximate amount of $258,146.00. The Debtor asserts that the Claim is, pursuant to applicable provisions of the Code, including §506, an unsecured claim and will be treated as an unsecured claim in Class 7.

2.06 Class 6. The Unsecured Claim of Global Merchant Cash, Inc., in the approximate amount of $170,000.00. The Debtor asserts that the Claim is, pursuant to applicable provisions of the Code, including §506, an unsecured claim and will be treated as an unsecured claim in Class 7.

2.07 Class 7. All non-insider unsecured claims without priority allowed under 11 U.S.C. §502 of the Bankruptcy Code, including any claims arising from rejected executory contracts.

2.08 Class 8. Equity Member interests in the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under 11 U.S.C. §1123 (a)(1), administrative expense claims, and priority claims are not classified.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under 11 U.S.C. §503 of the Code will be paid in full on the Effective Date (as defined in Article VII below) of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Professional fees are estimated to be $20,000.00

3.03 Priority Claims. There are two priority unsecured claims against the Debtor. The first Claim is an estimated Claim held by the Internal Revenue Service in the claimed amount of $27,611.00. The Claim is primarily for undeposited withholding taxes in the 3rd and 4th Quarters of 2018. The Debtor does not believe that it has not deposited the requisite withholding taxes

and it will attempt to prove that to the Internal Revenue Service. Unless the Internal Revenue Service voluntarily reduces the Claim, the Debtor will object to the Claim. In the event the Claim Objection is unsuccessful, the Debtor will, commencing on the Effective Date, make 52 monthly payments to the Internal Revenue Service in the amount of $591.68 per month, which includes interest at the rate of 5%, until the Claim is paid in full. The second Claim is a priority unsecured claim against the Debtor asserted by the Minnesota Department of Revenue in the claimed amount of $13,268.00. This Claim is for undeposited withholding taxes. The Debtor does not believe it owes any undeposited State Withholding Taxes. The Debtor will undertake to demonstrate to the Minnesota Department of Revenue that it does not have any outstanding liability, failing that, the Debtor will object to the Claim of the Department of Revenue. In the event the Claim Objection is unsuccessful, the Debtor will, commencing on the Effective Date, make 52 monthly payments to the Minnesota Department of Revenue in the amount of $284.32 per month, which includes interest at the rate of 5%, until the Claim is paid in full. There are two pre-bankruptcy wage claims filed in the case. They are filed by William Slueben and Robert Job. They assert priority wage claim pursuant to 11 U.S.C. §507. The Debtor will pay the priority claim of Robert Job on the Effective Date. The Debtor intends to object to the Priority Wage Claim asserted by William Slueben on the grounds that it is a Claim for sales commissions on sales that did not take place or were not paid to the Debtor or were projects that were not completed as of the termination of Mr. Sluben's employment. The Debtor intends to Object to this Claim.

   3.04 <u>United States Trustee Fees.</u> All outstanding and accrued U.S. Trustee fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will be reserved and will be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date. The Debtor will continue to file disbursement reports with the Office of the U.S. Trustee while the bankruptcy case remains open.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

   4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured Claim of Bank of America | Unimpaired | The Debtor has an auto loan secured by a van. The Debtor will continue to make monthly payments in the amount of $430.78 to the Class 1 creditor until the Class 1 creditor is paid in full. The Debtor believes that the Class 1 creditor is fully secured. |
| Class 2 – Secured Claim of BMW Financial Services NA, LLC | Impaired | This Claim is secured by a lien on a 2018 BMW X5. The Debtor will treat this Claim as fully secured. On the Effective Date, the Debtor will begin making 72 monthly payments in the approximate amount of $936.00 per month, together with interest accruing at |

| | | the rate of 5% per annum. The Debtor will continue to make monthly payments until the Claim is paid in full. The Sales contract between the Debtor and BMW Financial Services shall be modified accordingly. |
|---|---|---|
| Class 3 – Secured Claim of BMW Financial Services NA, LLC | Impaired | This Claim is partially secured by a lien on a 2018 BMW M550I. On the Effective Date, if not already done so, the Debtor will surrender the vehicle to the Class 3 Creditor or its Agent. |
| Class 4 – Secured Claim of Bluevine Capital, Inc. | Unimpaired | The Debtor has a Secured Claim in this Class with Bluevine Capital, Inc. in the approximate amount of $29,860.19. The Debtor entered into a Settlement Agreement with Bluevine Capital, Inc, which Agreement was approved by Bankruptcy Court Order dated February 20, 2019 (Doc. No. 47). Bluevine Capital, Inc. holds no remaining Claim against the Debtor |
| Class 5 – Unsecured Claim of Kings Cash Group, Inc. | Impaired | The Debtor asserts by virtue of 11 U.S.C. §506, Class 5 is entirely Unsecured. On the Petition Date, the Debtor's assets were not sufficient to treat the Claim as a secured claim. The Claim will be treated as an Unsecured Claim in Class 7. |
| Class 6 – Unsecured Claim of Global Merchant Cash, Inc. | Impaired | The Debtor asserts by virtue of 11 U.S.C. §506, Class 5 is entirely Unsecured. On the Petition Date, the Debtor's assets were not sufficient to treat the Claim as a secured claim. The Claim will be treated as an Unsecured Claim in Class 7. |
| Class 7 – Unsecured Claims | Impaired | The non-insider unsecured claims of the Debtor total approximately $867,998.00, including the Unsecured Claims held by the Class 2, Class 3, Class 5 and Class 6 Creditors. The Debtor's plan is to pay the non-insider, unsecured claims in Class 7 a total amount of 10% of each Class 7 creditors' claim allowed by the Court. The Debtor will pay 5% payable on or before December 31, 2019 and 5% payable on or before December 31, 2020. The balance of the unsecured claims will be discharged. |
| Class 8 – Equity Member Interests | Unimpaired | Jonathon Nelson, the "Equity Member" of the Debtor will retain his interest in the Debtor. |

Classes 1, 2, 3 and 4 are impaired under the Plan and entitled to vote. Class 5 is unimpaired under this Plan.

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim until such claim is allowed by a final non-appealable order.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor has assumed the executory contracts prior to the Effective Date of this Plan:

1. A Transportation Use Card between the Debtor and ComData;
2. Dental insurance obtained by the Debtor from Companion Life TDA Dental.
3. Medical insurance pursuant to a contract between Medica and the Debtor.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

The current owner of the Debtor is Jonathon Nelson. He will remain the owner of the Debtor. The Debtor intends to make payments required under the Plan from future operations and income derived from the operation of the Debtor's business. Any questions regarding this Plan may be directed to Debtor's counsel: Steven B. Nosek and/or Yvonne R. Doose, Steven B. Nosek, P.A. 2855 Anthony Lane South, St. Anthony, MN 55418, 612-335-9171.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02     Effective Date.  The Effective Date of this Plan is the entry of an Order of Confirmation.

8.03     Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04     Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05     Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06     Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the law of the state of Minnesota govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07     Insider Claims.  All insider claims for monies owed by the Debtor, secured or otherwise, are hereby subordinated until all payments described in this Plan are paid to creditors of the Debtor.

8.08     Corporate Governance.  Subject to the terms of the Plan, on the date the Order confirming the Plan is entered, the Debtor will be restored to full ownership of all property owned by the Debtor, all property of the estate, and all other rights and interest.  The property so vested in the Debtor will be free and clear of all liens, claims and encumbrances, charges and other interests of the holders of claims or interest except as specifically provided in the Plan after the date on which the Order confirming the Plan is entered, the Debtor may freely use, acquire and dispose of property of the estate and property of the Debtor, except as otherwise specifically provided in the Plan. The Debtor's operation of its business and use of property will not be subject to any restrictions imposed by operation of the Bankruptcy Code, the Bankruptcy Rules or any prior Bankruptcy Court order entered during the pendency of this case.

# ARTICLE IX
# DISCHARGE

    9.01    <u>Discharge</u>.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt :  (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(b).

**Respectfully submitted,**
**Modern Promos, LLC**

Dated: July 3, 2019.

By: _____
Jonathon E. Nelson, Owner